**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: CHARLES E. TOPPER,
$\qquad$ *Debtor.*

CITIBANK SOUTH DAKOTA, N.A.;
KEVIN FITZPATRICK, PC,
$\qquad$ *Plaintiffs-Appellees,*

v.

CHARLES E. TOPPER,
$\qquad$ *Defendant-Appellant.*

No. 01-1532

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-01-425-PJM, BK-99-22451-DK, AP-00-1087-DK)

Submitted: October 31, 2001

Decided: November 16, 2001

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

John L. Dowling, LAW OFFICE OF JOHN L. DOWLING, Olney, Maryland, for Appellant. Kevin M. Fitzpatrick, KEVIN M. FITZ-PATRICK, P.C., Fairfax, Virginia; Kevin M. O'Donnell, HENRY & O'DONNELL, P.C., Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Charles E. Topper appeals from the district court's order denying leave to appeal an interlocutory order of the bankruptcy court and dismissing his appeal. We dismiss the appeal for lack of jurisdiction.

The district court properly determined that the bankruptcy court order dismissing Topper's motion for sanctions is not a final order. A final order is one that disposes of all the issues in dispute as to all parties, and "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). A denial of a motion for sanctions is not final and is reviewable on appeal from a final judgment. *See In re Underwriters at Lloyds*, 666 F.2d 55, 58 (4th Cir. 1981).

In appeals from bankruptcy courts, district courts have mandatory jurisdiction over final orders and discretionary jurisdiction over interlocutory orders. 28 U.S.C. § 158(a). In contrast, circuit courts, with limited exceptions, only have jurisdiction over appeals from final orders, not over appeals of interlocutory orders. 28 U.S.C. § 158(d); *see In re Wallace & Gale Co.*, 71 F.3d 21, 24 (4th Cir. 1995) (stating general rule and listing exceptions). Because Topper attempts to appeal from an interlocutory order, not a final order, and because none of the exceptions apply to his appeal, *id.*, we dismiss this appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal conclusions are adequately presented before the court and argument would not aid the decisional process.

*DISMISSED*